Case 2:05-cv-03607-PA-RC   Document 7   Filed 05/17/2005   Page 1 of 3

Prospero Aceituno Linares et al v. Dole Food Company Inc et al                                                                Doc.

ENTERED
CLERK, U.S. DISTRICT COURT
MAY 19 2005
CENTRAL DISTRICT OF CALIFORNIA
BY          DEPUTY

FILED
CLERK, U S DISTRICT COURT
MAY 17 2005
CENTRAL DISTRICT OF CALIFORNIA
BY          DEPUTY

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| PROSPERO ACEITUNO LINARES, et al., | No. CV 05-3607 PA (RCx) |
|---|---|
| Plaintiffs, | ORDER REMANDING ACTION |
| v. | |
| DOLE FOOD COMPANY, et al., | |
| Defendants. | |

On May 13, 2005, defendant Dow Chemical Company ("Dow Chemical") removed this action from the Superior Court of the State of California for the County of Los Angeles for the Central District of California. Removal to federal court is governed by 28 U.S.C. § 1441. Suits filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). An action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The removal statute is 'strictly construed against removal jurisdiction and any doubt must be resolved in favor of remand.'" Hofler v. Aetna US Healthcare of California, Inc., 296 F.3d 764, 767 (9th Cir. 2002) (quoting Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). The "burden of establishing federal jurisdiction is on the party

. . . .

1  seeking removal . . . ." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir.
2  1999) (citing Emrich v. Touch Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988)).
3       Federal courts have subject matter jurisdiction only over matters authorized by the
4  Constitution and Congress. Bender v. Williamsport Area School District, 475 U.S. 534,
5  541, 106 S. Ct. 1326, 1331, 89 L. Ed. 2d 501 (1986). Dow Chemical alleges that this
6  Court's jurisdiction is based the Class Action Fairness Act of 2005 ("CAFA"). CAFA
7  expands the scope of federal diversity jurisdiction by amending 28 U.S.C. § 1332 to include
8  "class actions" and "mass actions" that meet certain criteria. See 28 U.S.C. § 1332(d).
9  CAFA also adds 28 U.S.C. § 1453 which authorizes and sets terms for removal of class
10 actions filed in state court that meet the new criteria for diversity jurisdiction.
11      In its Notice of Removal, Dow Chemical alleges that this action is a "mass action" as
12 defined by 28 U.S.C. § 1332(d)(11). To be removable as a class action under CAFA, a
13 "mass action" must be a "civil action . . . in which monetary relief claims of 100 or more
14 persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve
15 common questions of law or fact, except that jurisdiction shall exist only over those
16 plaintiffs whose claims in a mass action satisfy the jurisdictional amount requirements under
17 subsection (a)." 28 U.S.C. § 1332(d)(11)(b)(i). Dow Chemical's Notice of Removal
18 alleges, and an examination of the First Amended Complaint confirms, that this action
19 involves the claims of 1,102 plaintiffs. The Notice of Removal therefore contains a
20 satisfactory allegation that the number of plaintiffs involved in this action satisfies CAFA's
21 numerosity requirement as a mass action.
22      The amount in controversy for a CAFA mass action, as with any removal based on 28
23 U.S.C. 1332(a), diversity jurisdiction must appear on the face of the pleading. Rockwell
24 Int'l Credit Corp. v. U.S. Aircraft Ins. Group, 823 F.2d 302, 304 (9th Cir. 1987). Where the
25 complaint does not disclose the citizenship of each party and the amount in controversy,
26 these jurisdictional facts must be set forth in a defendant's notice of removal. See Schroeder
27 v. Trans World Airlines, Inc., 702 F.2d 189, 191 (9th Cir. 1983). Here, it is not facially
28 apparent from the complaint that the jurisdictional amount has been satisfied.

1   Dow Chemical's Notice of Removal alleges that "[a] review of plaintiffs' complaint indicates that the total 'matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs,' and further indicates that the matter in controversy for each plaintiff 'exceeds the sum or value of $75,000." Contrary to Dow Chemical's assertion, the First Amended Complaint contains no facts from which the Court can discern if the amount in controversy requirement has been satisfied. When an action has been removed, and the amount in controversy is in doubt, there is a "strong presumption" that plaintiff has not claimed an amount sufficient to confer jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-90, 58 S. Ct. 586, 590-91, 82 L. Ed. 845 (1938)). In such cases, the removing defendant bears the burden of proving, by a preponderance of the evidence, facts demonstrating that the amount in controversy requirement is satisfied. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). Here, Dow Chemical improperly offers no factual basis, other than "mere averment," to support the jurisdictional amount. Gaus, 980 F.2d at 567. Dow Chemical's bald conclusion that the amount in controversy has been met is wholly inadequate to invoke this Court's jurisdiction. See Valdez v. Allstate Ins. Co., 372 F.3d 1115, 116-17 (9th Cir. 2004).

As the party seeking to invoke this Court's jurisdiction, Dow Chemical bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986). Dow Chemical's procedurally defective Notice of Removal has failed to meet this burden. For the foregoing reasons, the Court hereby remands this action to the Superior Court of California for the County of Los Angeles. See 28 U.S.C. § 1447(c). The Court stays this Order until May 27, 2005. If plaintiffs wish to remain in federal court and thereby waive the procedural defect discussed above, plaintiffs shall notify the Court in writing on or before May 23, 2005.

IT IS SO ORDERED.

Dated: May 16, 2005

_____
Percy Anderson
UNITED STATES DISTRICT JUDGE