Prospero Aceituno Linares et al v. Dole Food Company Inc et al                                                                                                    Doc. 1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | |
|---|---|---|
| Case No. | CV 05-3607 PA (RCx) | Date  May 25, 2005 |
| Title | Prospero Aceituno Linares, et al. v. Dole Food Company, Inc., et al. | |

Present: The Honorable **PERCY ANDERSON, UNITED STATES DISTRICT JUDGE**

| C. Kevin Reddick | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:               Attorneys Present for Defendants:

**Proceedings:**      IN CHAMBERS

      Before the Court is defendant Dow Chemical Company's ("Dow Chemical") <u>Ex Parte</u> Application for Order to Vacate Order Remanding Action (the "Application"). In its Application, Dow Chemical seeks to have the Court vacate its May 17, 2005 Order Remanding Action. In the alternative, Dow Chemical requests that the Court stay the remand order so that the Court can consider the Amended Notice of Removal filed by Dow Chemical on May 23, 2005 and allow Dow Chemical to conduct discovery so that it may "determine the amount in controversy." Application, p. 5, l. 26.

      In the May 17, 2005 Order Remanding Action, the Court determined that Dow Chemical failed to satisfy its burden to prove, by a preponderance of the evidence, facts demonstrating that the amount in controversy requirement was satisfied. See <u>Sanchez v. Monumental Life Ins. Co.</u>, 102 F.3d 398, 404 (9th Cir. 1986). The Court stayed the May 17, 2005 Order Remanding Action to allow plaintiffs an opportunity, by May 23, 2005, to waive the Notice of Removal's procedural defects. Plaintiffs have not waived those defects.

      In its Amended Notice of Removal, Dow Chemical attempts to satisfy its burden to allege jurisdiction by citing to allegations in the First Amended Complaint. Specifically, the Amended Notice of Removal adds paragraphs 3(b)(i)-(v). These additions, like the jurisdictional allegations in the original Notice of Removal, fail to provide any facts from which the Court could determine or even estimate a monetary value on the plaintiffs' claims. As such, the Amended Notice of Removal does not correct the procedural defect. It is as procedurally defective as the original Notice of Removal because it again fails to, by a preponderance of the evidence, establish which of the plaintiffs, if any, have claims exceeding $75,000. See 28 U.S.C. § 1332(d)(11)(B)(i) ("[T]he term 'mass action' means any civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact, except that jurisdiction shall

Initials of Preparer

Dockets.Justia.co

**SEND**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 05-3607 PA (RCx) | Date | May 25, 2005 |
| Title | Prospero Aceituno Linares, et al. v. Dole Food Company, Inc., et al. | | |

exist only over those plaintiffs whose claims in a mass action satisfy the jurisdictional amount requirements under subsection (a).").

Dow Chemical implicitly acknowledges this defect by requesting that it be allowed to conduct discovery to "determine the amount in controversy." If Dow Chemical had facts which establish that any plaintiff's claim exceeds $75,000, it was required to allege those facts in the Notice of Removal. See Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090-91 (9th Cir. 2003). This Court will not retain jurisdiction over this matter while Dow Chemical searches for facts it was procedurally obligated to allege in its Notice of Removal.

Although the Court has considered the Amended Notice of Removal, it, like the original Notice of Removal, does not adequately allege this Court's jurisdiction. The Court therefore declines to stay the May 17, 2005 Order Remanding Action or to retain jurisdiction while Dow Chemical conducts discovery to determine if the Court has jurisdiction. The Court therefore denies the Ex Parte Application and remands this action to the Superior Court for the County of Los Angeles.

IT IS SO ORDERED.

Initials of Preparer