**P-SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-3607 PA (RCx) | Date | June 8, 2005 |
|---|---|---|---|

| Title | Prospero Aceituno Linares, et al. v. Dole Food Company, Inc., et al. |
|---|---|

Present: The Honorable   PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| C. Kevin Reddick | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:


**Proceedings:**      IN CHAMBERS

    Before the Court is defendant Dow Chemical Company's ("Dow Chemical") <u>Ex Parte</u> Application for an Order Staying Proceedings Pending Appeal (the "Application"). In its Application, Dow Chemical seeks to have the Court stay these proceedings pending its appeal of the Court's May 17, 2005 Order Remanding Action.

    In the May 17, 2005 Order Remanding Action, the Court determined that Dow Chemical failed to satisfy its burden to prove, by a preponderance of the evidence, facts demonstrating that the amount in controversy requirement was satisfied. <u>See</u> <u>Sanchez v. Monumental Life Ins. Co.</u>, 102 F.3d 398, 404 (9th Cir. 1986). In its Amended Notice of Removal, Dow Chemical attempted to satisfy its burden to allege jurisdiction by citing to allegations in the First Amended Complaint. The Court, in its May 25, 2005 Order denying Dow Chemical's <u>Ex Parte</u> Application for Order to Vacate Order Remanding Action, found that the Amended Notice of Removal's jurisdictional allegations, like the jurisdictional allegations in the original Notice of Removal, failed to provide any facts from which the Court could determine or even estimate a monetary value on the plaintiffs' claims.

    Dow Chemical now seeks to stay this action pending its appeal of the Order Remanding Action. In ruling on a motion to stay an order pending appeal, a district court must consider four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

<u>Hilton v. Braunskill</u>, 481 U.S. 770, 776, 107 S. Ct. 2113, 2119, 95 L. Ed. 2d 724 (1987); see also Fed. R. App. Proc. 8(a)(1) ("A party must ordinarily move first in the district court for . . . a stay of the judgment or order of a district court pending appeal . . . .").

DOCKETED ON CM
JUN 9 2005
BY _____ 010

SEND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 05-3607 PA (RCx) | Date | June 8, 2005 |

Title    Prospero Aceituno Linares, et al. v. Dole Food Company, Inc., et al.

---

Dow Chemical's asserted likelihood of success on the merits of its appeal is based on what the Court considers to be a misreading of the Class Action Fairness Act ("CAFA"). CAFA added 28 U.S.C. § 1453 which provides that a "class action may be removed to a district court of the United States in accordance with section 1446 (except that the 1-year limitation under section 1446(b) shall not apply) . . . ." CAFA also amended 28 U.S.C. § 1332 to include a definition of "class action." Under CAFA, a class action is "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). CAFA expands a district court's diversity jurisdiction to include "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which: (A) any member of a class of plaintiffs is a citizen of a State different from any defendant [or] (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State . . . ." 28 U.S.C. § 1332(d)(2).

CAFA also expands diversity jurisdiction to allow certain "mass actions" which are "deemed to be class action[s]" for removal purposes. 28 U.S.C. § 1332(d)(11)(A). "Mass actions" are defined as "any civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact, except that jurisdiction shall exist only over those plaintiffs whose claims in a mass action satisfy the jurisdictional amount requirements under subsection (a)." 28 U.S.C. § 1332(d)(11)(B)(i). Here, Dow Chemical's Notice of Removal and its Amended Notice of Removal both allege that this is a "mass action" under CAFA and Dow Chemical removed the action on that basis. As a result, it needed to satisfactorily allege, at a minimum, the existence of 100 or more plaintiffs each with damages claims in excess of $75,000. Dow Chemical has repeatedly failed to meet this burden.

Dow Chemical apparently believes that it can satisfy CAFA by alleging damages in excess of $5 million. While this may be true with class actions—and the Court doubts that Dow Chemical's conclusory allegations satisfy even that standard—the $5 million minimum cannot apply to "mass actions" for the simple reason that a satisfactorily alleged mass action will involve a claim for damages in excess of $7.5 million (minimum of 100 plaintiffs multiplied by § 1332(a)'s $75,000 jurisdictional minimum). The Court's Order Remanding Action was based on long-standing Ninth Circuit precedent. Dow Chemical simply has not alleged the facts necessary to overcome the "strong presumption" that plaintiffs have not claimed an amount sufficient to confer jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-90, 58 S. Ct. 586, 590-91, 82 L. Ed. 845 (1938)). The Court therefore does not believe that Dow Chemical is likely to prevail on the merits or that it has raised serious legal questions.

Although Dow Chemical contends it will suffer irreparable harm should this stay not be granted, Dow Chemical does not identify what this harm might be. Assuming that the harm might be the inconvenience of having to engage in discovery, the Court does not see how Dow Chemical will be

---

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No. CV 05-3607 PA (RCx) | Date June 8, 2005 |
| Title Prospero Aceituno Linares, et al. v. Dole Food Company, Inc., et al. | |

harmed. Through discovery, Dow Chemical can determine which, if any, of the plaintiffs' claims exceed $75,000. Upon receiving this information Dow Chemical might finally be able to allege facts sufficient to confer jurisdiction on this Court.[1/] At a minimum, Dow Chemical's conclusory assertion that it "will suffer irreparable harm should the stay not be granted" is not a sufficient showing to justify the stay pending appeal it seeks. The third and fourth factors similarly do not favor the issuance of a stay.

For the foregoing reasons, the Court denies the Ex Parte Application for an Order Staying Proceedings Pending Appeal.

IT IS SO ORDERED.

Initials of Preparer

---

[1/] The Court notes that at least one reason for the existence of 28 U.S.C. § 1453's waiver of the one year limitation on removals based on diversity might be that it allows parties to engage in lengthy state court discovery and class certification proceedings to determine the facts necessary to properly establish the propriety of CAFA removal jurisdiction.